**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DANIEL GREER,
    *Petitioner*,

v.

COMMISSIONER OF THE
CONNECTICUT DEPARTMENT OF
CORRECTION,
    *Respondent*.

No. 3:20-cv-1568 (JAM)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Daniel Greer is a prisoner of the Connecticut Department of Correction following his criminal conviction in Connecticut state court. Greer has filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that the Connecticut state courts have unconstitutionally denied him release on bail or bond pending appeal. Because I conclude that there is a rational basis in the state court record for the denial of bail or bond pending appeal, I will deny the petition.

**BACKGROUND**

    Greer was convicted after a jury trial in Connecticut state court in September 2019 on four counts of risk of injury to a child. On December 2, 2019, Connecticut Superior Court Judge Jon Alander sentenced Greer to a total effective term of 20 years of imprisonment, execution suspended after 12 years and to be followed by 10 years of probation. Doc. #11-1 at 32.

    Prior to his sentencing, Greer was on pre-trial release and subject to a bond of $750,000. *Id.* at 38. After imposing Greer's sentence, Judge Alander heard argument from counsel on Greer's motion for release on bond pending appeal. For the crimes at issue in this case, Connecticut law provides that a criminal defendant "may be released pending final disposition of the case, unless the court finds custody to be necessary to provide reasonable assurance of such

1

person's appearance in court," and subject to other conditions such as payment of a bond or other security. *See* Conn. Gen. Stat. § 54-63f.

Greer's counsel argued for bond pending appeal on the ground that his client had surrendered his passport and was not a risk of flight because he was 79 years old, had lived in New Haven for more than 40 years, and had complied with all previous conditions of release, including conditions of strict house arrest and electronic monitoring that were imposed since the jury returned its guilty verdicts. Doc. #11-1 at 35-36. By contrast, the prosecutor argued for denial of bond pending appeal, contending that the imposition of sentence meant that "circumstances have drastically changed[,]" because "[t]he punishment is no longer nebulous with the possibility of a completely suspended sentence," and that Greer would be an increased "risk of flight because now he knows exactly what he is facing." *Id.* at 39.

Judge Alander agreed with the prosecution that the imposition and length of sentence constituted a "substantial change in circumstances" and that "there exists a serious and substantial risk that the defendant will flee to avoid serving that sentence." *Id*. at 40. Judge Alander noted that the prison sentence imposed exceeded Greer's life expectancy and that "there is no greater incentive to flee than the cold realization that otherwise you will spend all of the remaining years of your life prison." *Ibid.*

Judge Alander further found that Greer "has the financial means to flee." *Ibid.* He stated his "understanding that when I raised the defendant's bond to $750,000.00 after his conviction[,] his wife paid a bondsman tens of thousands of dollars in cash that very day" and that "[t]he defendant clearly has access to resources to finance an escape from accountability." *Ibid.* Accordingly, Judge Alander found "that the denial of an appeal bond is necessary to ensure the Defendant's future appearance in court pending his appeal." *Ibid.*

Greer appealed the denial of bond pending appeal. The Connecticut Appellate Court denied relief without a statement of reasons in December 2019. Doc. #1-4 at 2.

Greer then moved for reconsideration of Judge Alander's denial of bond on the ground that there was no evidence to support Judge Alander's conclusion that his wife paid cash to the bondsman. On March 2, 2020, Judge Alander entered an order re-affirming his decision to deny bond pending appeal. Doc. #1-7 at 2. He concluded that "[t]he defendant has not presented a persuasive reason for the court to change its finding that there exists a serious and substantial risk that the defendant will flee to avoid serving his sentence and that the denial of an appeal bond is necessary to ensure his future appearance in court." *Ibid.* He added that "[t]he fact that no cash was involved when the defendant paid the substantial bond which was imposed prior to sentencing does not alter the court's conclusion that the defendant possesses the financial means to flee." *Ibid.*

Greer appealed this denial in March 2020, noting as well the danger that COVID-19 posed to him in a prison setting. Doc. #1 at 11 (¶ 28). The Connecticut Appellate Court again denied relief without a statement of reasons. Doc. #1-8 at 2. Greer then moved for reconsideration principally on arguments related to the spread of COVID-19, and the Appellate Court again denied relief but stated that its denial was "without prejudice to the defendant filing a new motion in the superior court to set bail pending appeal" and that "[i]f such a motion is filed, a hearing should be scheduled on such motion as soon as practicable." Doc. #1-9 at 2.

Greer followed by filing a new motion for release based on the serious risk that COVID-19 posed to him due to his age and pre-existing conditions. Doc. #1 at 12 (¶ 34). On April 24, 2020, Judge Alander decided to grant Greer temporary release for 45 days, concluding that "the present high incident rate of COVID-19 within Connecticut's prisons and the current lack of

3

sufficient PPE for its staff, the defendant's advanced age and underlying medical condition warrant his temporary release from prison until the crisis abates." Doc. #1-10 at 3. He noted his prior conclusion that there was "a serious and substantial risk that the defendant would flee during the appeal process," and that "[t]hat risk remains, though it has been lessened to some degree by the stay-at-home orders issued in Connecticut and in the tri-state area and by current domestic and international flight restrictions." *Ibid*. Greer was released subject to intensive pretrial supervision, electronic monitoring, and house arrest conditions. *Ibid.*

Greer's temporary release was extended twice until July 30 due to the continued high incidence of COVID-19 in Connecticut's prisons. Docs. #1-11, #1-12. Ultimately, however, Judge Alander ruled on July 28, 2020 that the conditions related to COVID-19 "no longer exist to the degree necessary to warrant an extension." Doc. #1-14 at 2. While Greer's "increased risk regarding COVID-19 due to his advanced age and medical condition has not changed, DOC's ability to provide reasonable protections against that risk has been substantially strengthened." *Id.* at 3.

Greer returned to prison and appealed the denial of the further extension of his temporary release. The Connecticut Supreme Court denied review, and the Connecticut Appellate Court denied relief again without a statement of reasons. Docs. #1-15, #1-16. Greer has now filed this federal petition for writ of habeas corpus to seek his release on bond pending appeal.

## DISCUSSION

A state prisoner may seek relief in a federal court by way of a petition for writ of habeas corpus if the prisoner alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The prisoner, however, must ordinarily exhaust any available remedies in the state courts before seeking relief from a federal court. §

4

2254(b)(1). Here, the Commissioner expressly waived the exhaustion requirement through counsel at oral argument for Greer's claim challenging the state court's denial of bond pending appeal under the Eighth and Fourteenth Amendments. *See* § 2254(b)(3).

Even if a prisoner has properly exhausted state court remedies or if the exhaustion requirement has been waived, § 2254 requires a federal court to grant great deference to a state court's determinations of law and fact. A federal court may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). Moreover, to the extent that a prisoner seeks to dispute any finding of fact by a state court judge, "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

Greer acknowledges that there is no freestanding federal constitutional right for a state defendant to be released on bail or bond pending appeal of a criminal conviction. Doc. #9 at 8. Instead, he relies on a Second Circuit holding that recognizes a conditional constitutional right to bail pending appeal—that "once a state makes provision for such bail [pending appeal], the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979). In *Finetti*, the Second Circuit ruled that "the mere failure of the state court to articulate reasons for its denial of bail pending appeal does not create a presumption of arbitrariness," but that state court decisions "carry a presumption of

5

regularity" which "may be overcome" only if "the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail." *Id.* at 601 (cleaned up).

As noted above, § 2254 dually allows for a grant of federal habeas corpus relief on grounds of a state court's unreasonable error of *law* under § 2254(d)(1) or a state court's unreasonable error of *fact* under § 2254(d)(2). At oral argument the parties agreed that Greer's petition does not present a cognizable error of law under § 2254(d)(1). That is because the text of § 2254(d)(1) requires that a claimed error of law be one involving clearly established precedent of the United States Supreme Court. *See White v. Woodall*, 572 U.S. 415, 419 (2014). Notwithstanding the Second Circuit's ruling in *Finetti*, there does not appear to be any Supreme Court precedent recognizing a federal constitutional right of a state criminal defendant to be granted bond pending appeal. *See, e.g., Dorsey v. Martuscello*, 2016 WL 552954, at *5 (N.D.N.Y. 2016). Therefore, Greer has no grounds to complain of an error of law that is cognizable under § 2254(d)(1).

Greer relies instead on a claimed factfinding error under § 2254(d)(2). The statute's reference in § 2254(d)(1) to rights that have been clearly established by the Supreme Court is conspicuously absent from § 2254(d)(2). Indeed, the text of § 2254(d)(2) allows for relief to be granted simply for a "claim" that "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." That subpart is silent about whether an unreasonable determination of facts must in turn have resulted in a violation of *any* legal right, much less a right that has been clearly established by a decision of the United States Supreme Court.

Nevertheless, the Supreme Court has made clear that § 2254(d)(2) "does not repeal the command of § 2254(a) that habeas relief may be afforded to a state prisoner 'only on the ground'

that his custody violates federal law." *Wilson v. Corcoran*, 562 U.S. 1, 6 (2010) (*per curiam*). Thus, relief may lie under § 2254(d)(2) for a state court's unreasonable determination of the facts only if this unreasonable determination of the facts results in turn in a violation of federal law. Greer argues, and I assume for the purpose of this ruling, that such a violation includes even federal rights—like the conditional constitutional right to bail recognized by the Second Circuit in *Finetti*—that have not risen to the particularity and prominence to qualify as clearly established law of the United States Supreme Court.

And there is yet another twist here: the federal constitutional right that the Second Circuit recognized in *Finetti* was made conditional on the pre-existence of an underlying state law right for criminal defendants to be granted bail pending appeal. *See* 609 F.2d at 599. Therefore, when deciding if the Connecticut state courts engaged in an unreasonable determination of the facts such that there was an unconstitutionally arbitrary or unreasonable denial of bail, I must keep in mind the underlying state law factual standard for the grant of bail pending appeal—that is, whether "custody" is "necessary to provide reasonable assurance of [the defendant's] appearance in court." Conn. Gen. Stat. § 54-63f.

But my role is not to decide if I agree in the first instance with Judge Alander's factual findings. As the Supreme Court has noted, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "Instead, § 2254(d)(2) requires that [the federal habeas court] accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (cleaned up).

Moreover, even to the extent that doubts might remain about the correctness of any state court fact determinations, *Finetti* makes clear that a federal court may evaluate the entire record which was before the state court apart from any explicit findings and that no constitutional violation lies unless "the defendant bears the burden of showing that there is no rational basis *in the record* for the denial of bail." 609 F.2d at 601 (emphasis added). Under *Finetti*, "federal district courts do not sit as appellate courts to review the use or abuse of discretion of state courts in the granting or withholding of bail pending appeal." *Id.* at 600 (cleaned up).

In light of this somewhat intricate legal framework, it is clear that Greer falls well short of establishing valid grounds for habeas corpus relief. Because the Connecticut Supreme Court and the Connecticut Appellate Court have issued orders denying review or relief without explanation in this case, it is proper for me to "look through" to the reasons stated in Judge Alander's orders. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

There was quite plainly at least a rational basis in the record for Judge Alander's decision not to grant bail pending appeal. It was rational for Judge Alander to conclude that the imposition of a lengthy prison sentence beyond Greer's life expectancy furnished a powerful incentive for him to flee. *See, e.g., United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) ("[a]s to the incentive to flee (based on his age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight"). It was rational as well for Judge Alander to conclude that Greer had access to financial resources to make flight possible. And Greer has not shown that Judge Alander's conclusion was based on any unreasonable factual findings.

The most that Greer has done is point to countervailing factors—such as Greer's age, his community ties, and his track record of compliance with conditions of release while he was on

release—to suggest that his imprisonment is not necessary to reasonably assure his future presence at court proceedings. He makes some strong arguments why he is not a likely risk of flight. But the procedural limits of my review under § 2254 as well as the substantive bounds of the constitutional right at issue as stated in *Finetti* do not allow me to conduct my own re-weighing of all the release factors. Because there is a rational basis in the record for Judge Alander's decision and because Greer has not shown that Judge Alander made any unreasonable determination of the facts, Greer has not shown grounds to grant his petition for writ of habeas corpus.

The last issue to address is COVID-19. Greer argues that he is in jeopardy while imprisoned of contracting COVID-19 in light of his age and health condition. But Greer does not explain how any threat from COVID-19 relates to his claim under *Finetti* to a constitutional right to bail. The constitutional right recognized by *Finetti* is premised on the existence of a state law right to bail, and the state law at issue—Conn. Gen. Stat. § 54-63f—conditions the right to bail solely on consideration of factors that bear on ensuring a convicted defendant's future appearance in court, not on additional factors such as the risks to a defendant's health from imprisonment or the likelihood of success on appeal. Therefore, to the extent that a Connecticut state court may decline or fail to take into consideration a convicted defendant's health concerns when deciding if bail should be granted pending appeal, the failure to do so does not amount to an arbitrary or unreasonable deprivation of the limited constitutional right to bail pending appeal as recognized in *Finetti*.

Greer's counsel stated at oral argument that he did not assert grounds for the petition for writ of habeas corpus other than a constitutional right to bail under the Eighth and Fourteenth Amendments as recognized in *Finetti*. Accordingly, there is no occasion at this time to consider

9

whether Greer has alleged sufficient facts to give rise to a conditions-of-confinement claim for release on the ground of the threat to his health posed by COVID-19. Ordinarily, a sentenced prisoner seeking to raise such a claim under the Eighth Amendment would be required to show not only a serious risk to health or safety but also that prison officials acted with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm to the prisoner would result). *See, e.g., Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) *(per curiam)*. Greer has not presented an Eighth Amendment deliberate-indifference-to-health-or-safety claim, and it is unclear to what extent such a claim would be subject to exhaustion requirements specific to his facility of confinement, *see e.g., Griffin v. Cook*, 2020 WL 2735886 (D. Conn. 2020), and possibly subject to preclusion altogether by the class action settlement in *McPherson v. Lamont*, 3:20-cv-534-JBA (D. Conn. 2020).

## CONCLUSION

The petition for writ of habeas corpus (Doc. #1) is DENIED. Because Greer has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondent and to close this case.

It is so ordered.

Dated at New Haven this 18th day of November 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge